**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TIRHAS GEBREYESUS TESFAMARIAM, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-920-MJT-CLS |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION ON VENUE AND**
**ORDER REGARDING DEFENDANT'S ANSWER DEADLINE**

This case arises under the Freedom of Information Act (FOIA).  Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters.  *See* § 636(b)(1); E.D. TEX. LOC. R. CV-72.

**I. Venue**

On June 22, 2026, Plaintiff Tirhas Gebreyesus Tesfamariam filed an unopposed motion to change venue to the United States District Court for the District of Columbia.  (Doc. #14.)  Plaintiff asserts that "communications between the parties led Plaintiff to realize that venue is not proper" in this court under 5 U.S.C. § 552(a)(4)(B) and requests transfer to D.C., where, for FOIA cases, "venue is always proper."  (*Id.* at 1–2.)  However, venue for FOIA cases is also proper where the plaintiff resides and, according to the complaint, Plaintiff resides in the Eastern District of Texas. *See* (doc. #1 at 2).  Thus, on July 2, 2026, at 10:00 a.m., the undersigned conducted a telephonic hearing with counsel for both parties concerning the motion to change venue.

At the hearing, counsel for Plaintiff informed the court of the "communications" that led to the realization that venue was improper. Namely, Defendant United States Citizenship and Immigrant Services (USCIS), through its counsel at the Department of Justice, informed counsel for Plaintiff that it appeared Plaintiff resides in North Carolina, not Texas. Counsel for Plaintiff then checked with Plaintiff and confirmed that Plaintiff resides in North Carolina. Accordingly, venue is not proper in this court under § 552(a)(4)(B) because Plaintiff does not reside in this district. Thus, the court will grant the motion and transfer the case pursuant to 28 U.S.C. § 1406(a).

**II. Answer-Extension Request**

Plaintiff effected service of process upon USCIS on April 6, 2026, (doc. #6) yet USCIS has not filed an answer or other responsive pleading to Plaintiff's complaint. USCIS has instead maximally availed itself of extensions to its answer deadline via the clerk of court. *See* E.D. TEX. LOC. R. CV-12. In the unopposed motion to change venue, USCIS asks for another extension to its answer deadline. (Doc. #14 at 2 (requesting extension of "thirty (30) days after the date of transfer").) Based on the hearing, the court will partially grant this request.

**III. Order**

Plaintiff's Motion to Change Venue (doc. #14) is **GRANTED in part** and **DENIED in part**. Defendant **USCIS's deadline to file its answer** or first responsive pleading **is Monday, August 3, 2026**. The court will enter an order transferring this case.

**SIGNED this the 6th day of July, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

2